# EXHIBIT 1

Exhibit 1

## Case Information

DC-20-02928 | DOROTHY E. VEACH vs. KROGER TEXAS L.P.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-20-02928 | 14th District Court | MOYE', ERIC |
| File Date | Case Type | Case Status |
| 02/21/2020 | PROPERTY | OPEN |

## Party

**PLAINTIFF**
VEACH, DOROTHY E.

Address
1207 HOMEPLEX COURT
IRVING TX 75060

Active Attorneys ▾
Lead Attorney
BAUGUSS, JAMES L, III
Retained

**DEFENDANT**
KROGER TEXAS L.P.

Address
BY SERVING ITS REGISTERED AGENT, ORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

02/21/2020 NEW CASE FILED (OCA) - CIVIL

02/21/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

02/21/2020 CORRESPONDENCE - LETTER TO FILE ▾

LETTER

02/21/2020 ISSUE CITATION ▾

ISSUE CITATION - KROGER TEXAS L.P. - ESERVE

02/25/2020 CITATION ▾

Served
03/05/2020

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
03/11/2020
Comment
KROGER TEXAS L.P.

03/11/2020 RETURN OF SERVICE ▾

EXECUTED CITATION - KROGER TEXAS L.P.

Comment
EXECUTED CITATION - KROGER TEXAS L.P.

03/27/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEFT'S ORIGINAL ANSWER

04/07/2020 NOTICE OF TRIAL ▾

NOTICE OF TRIAL

Comment
AND LVL 2 S/O MAILED

04/07/2020 SCHEDULING ORDER ▾

SCHEDULING ORDER

Comment
LEVEL 2

05/27/2020 CORRESPONDENCE - LETTER TO FILE ▾

LETTER: RE AFFIDAVIT

Comment
RE: DISCOVERY

05/27/2020 AFFIDAVIT ▾

AFFIDAVIT

08/11/2020 VACATION LETTER ▾

Comment
MATERNITY LEAVE

08/27/2020 JURY DEMAND ▾

JURY DEMAND

02/16/2021 Non Jury Trial ▾

Judicial Officer
MOYE', ERIC

Hearing Time
9:30 AM

# Financial

VEACH, DOROTHY E.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $300.00 |
| | Total Payments and Credits | | | $300.00 |
| 2/24/2020 | Transaction Assessment | | | $300.00 |
| 2/24/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 12702-2020-DCLK | VEACH, DOROTHY E. | ($300.00) |

KROGER TEXAS L.P.

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $40.00 |
| | Total Payments and Credits | | | $40.00 |
| 8/27/2020 | Transaction Assessment | | | $40.00 |
| 8/27/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 52241-2020-DCLK | KROGER TEXAS L.P. | ($40.00) |

# Documents

ORIGINAL PETITION

LETTER

ISSUE CITATION - KROGER TEXAS L.P. - ESERVE

EXECUTED CITATION - ANGLER TEXAS LLY

DEFT'S ORIGINAL ANSWER

NOTICE OF TRIAL

SCHEDULING ORDER

LETTER: RE AFFIDAVIT

AFFIDAVIT

JURY DEMAND

# EXHIBIT 2

**Exhibit 2**



**null / ALL**
**Transmittal Number: 21233060**
**Date Processed: 03/06/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number  2172000 |
| **Entity Served:** | Kroger Texas L.P. |
| **Title of Action:** | Dorothy E. Veach vs. Kroger Texas LP |
| **Matter Name/ID:** | Dorothy E. Veach vs. Kroger Texas LP (10085198) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-20-02928 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/05/2020 |
| **Answer or Appearance Due:** | 10:00 a.m. on the Monday next following the expiration of twenty days after you were served |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | James Bauguss III<br>972-263-5555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To: **KROGER TEXAS L.P.**
  **SERVE THROUGH ITS PRESIDENT, VICE PRESIDENT OR REGISTERED AGENT**
  **CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO**
  **211 EAST 7TH STREET SUITE 620**
  **AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and **petition**, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DOROTHY E. VEACH**

Filed in said Court **21st day of February, 2020** against

**KROGER TEXAS L.P.**

For Suit, said suit being numbered **DC-20-02928**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of February, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



FORWARD THIS TO By _Carlenia Bouligny_ , Deputy
YOUR INSURANCE COMPANY CARLENIA BOULIGNY

MANDE ESTA FORMA
A SU ASEGURANZA

---

**ESERVE**

**CITATION**

**DC-20-02928**

**DOROTHY E. VEACH**
**Vs.**
**KROGER TEXAS L.P.**

ISSUED THIS
**25th day of February, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

---

**Attorney for Plaintiff**
JAMES L BAUGUSS, III
BEN ABBOTT AND ASSOCIATES PLLC
1934 PENDLETON DRIVE
GARLAND TX  75041
972-263-5555
eService@benabbott.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

RECEIVED
MAR – 5 2020 @ 2:30 PM

## OFFICER'S RETURN

Case No. : DC-20-02928

Court No.14th District Court

Style: DOROTHY E. VEACH

 Vs.

KROGER TEXAS L.P.

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed

at _____, within the County of _____ at _____ o'clock _____ .M.

on the _____day of _____, 20_____, by delivering to the within

named _____

Each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date
of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify
which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____County, _____ |
| For Notary | $_____ | by _____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____before me this _____day of _____,

20_____, to certify which witness my hand and seal of office.

Notary Public _____County_____

FILED
2/21/2020 3:04 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. _____  DC-20-02928

| | |
|---|---|
| DOROTHY E. VEACH,<br>              Plaintiff, | IN THE DISTRICT COURT |
| v. | _____ JUDICIAL DISTRICT |
| KROGER TEXAS L.P.,<br>              Defendant. | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DOROTHY E. VEACH, Plaintiff, and files Plaintiff's Original Petition, complaining of Defendant, KROGER TEXAS L.P., and would show unto the Court as follows:

### I. SELECTION OF DISCOVERY LEVEL

1. This suit is governed by discovery control plan II under Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff, DOROTHY E. VEACH, is an individual who resides at 1207 Homeplex Court, Irving, Dallas County, TX 75060.

3. Defendant, KROGER TEXAS L.P., is an out of state corporation that may be served through its President, Vice-President or Registered Agent, Corporation Service Company D/B/A CSC-Lawyers Inco, at 211 East 7th Street Suite 620, Austin, Travis County TX 78701. Citation is being requested for this Defendant and service will be completed by a private process server.

### III. JURISDICTION & VENUE

4. The Court has continuing jurisdiction over Defendant, because Defendant maintains minimum contacts with the State of Texas.  The Court has jurisdiction over the controversy, because the damages are within the statutory jurisdictional limits of the Court.

5. Venue is proper in Dallas County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**/263306          Page 1

## IV. <u>FACTS</u>

6.      On or about September 19, 2019 Plaintiff was injured on the premises located at 4142 Cedar Springs Road, Dallas, Dallas County, TX 75219 . Plaintiff, Dorothy E. Veach, was walking through the aisles in Kroger when she slipped and fell on water left on the floor. As a result of the water on the floor, Plaintiff suffered bodily injuries. At the time of injury, the premises were being used as a retail store by Defendant, KROGER TEXAS L.P.

7.      Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

8.      Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of herself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

## V. <u>NEGLIGENCE</u>

9.      Because Plaintiff was an invitee at the time of injury, Defendant, KROGER TEXAS L.P., owed a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

10.      Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees. Specifically, Defendant breached its duty in one or more of the following ways:

1.      Failing to inspect the premises on a regular basis;

2.      Failing to perform needed repairs;

3.      Failing to place signs warning invitees;

4.   Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and

5.   Failing to supervise its agents, servants, and employees to ensure the safety of invitees.

## VI. DAMAGES

11.   As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages:

a.   Physical pain and mental anguish in the past and future;

b.   Medical expenses in the past and future; and

c.   Physical impairment.

## VII. PRAYER

12.   WHEREFORE, PREMISES CONSIDERED, Plaintiff, DOROTHY E. VEACH, respectfully requests that Defendant, KROGER TEXAS L.P., be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

a.   Actual damages;

b.   Prejudgment and post judgment interest as allowed by law;

c.   Costs of suit;

d.   Only monetary relief over $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys fees; and

e.   Any further relief, either in law or equity, to which Plaintiff is justly entitled.

## VIII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

Respectfully submitted,

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, Texas 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com

*/s/ James Bauguss III*
James Bauguss III
State Bar No. 24045463

ATTORNEY FOR PLAINTIFF

# EXHIBIT 3

**Exhibit 3**

FILED
3/11/2020 3:54 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Irasema Sutherland DEPUTY

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **14th Judicial District Court**

Case Number: DC-20-02928

Plaintiff:
**DOROTHY E. VEACH**

vs.

Defendant:
**KROGER TEXAS L.P.**

Received these papers on the 5th day of March, 2020 at 12:30 pm to be served on **KROGER TEXAS L.P. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Jeff Keyton, being duly sworn, depose and say that on the **5th day of March, 2020 at 3:20 pm, I:**

delivered to **KROGER TEXAS L.P.,** a true copy of this **Citation together with Plaintiff's Original Petition and Request for Disclosure,** by delivering to its Registered Agent, **CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY,** by and through its designated agent, **SAMANTHA GUERRA,** at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 5th day of
March, 2020 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

_____
**Jeff Keyton**
PSC-735; Exp 7/31/2020

Our Job Serial Number: THP-2020001243
Ref: 0650314

SCOTT L. THOMAS
NOTARY PUBLIC
STATE OF TEXAS
ID # 10407286
EXPIRES 1-9-2024


Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To: **KROGER TEXAS L.P.**
    **SERVE THROUGH ITS PRESIDENT, VICE PRESIDENT OR REGISTERED AGENT**
    **CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO**
    **211 EAST 7TH STREET SUITE 620**
    **AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and **petition**, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **14th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DOROTHY E. VEACH**

Filed in said Court **21st day of February, 2020** against

**KROGER TEXAS L.P.**

For Suit, said suit being numbered **DC-20-02928**, the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of February, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

**FORWARD THIS TO** By _Carlenia Bouligny_ , Deputy
**YOUR INSURANCE COMPANY** CARLENIA BOULIGNY



------------------------------------

**MANDE ESTA FORMA
A SU ASEGURANZA**

---

**ESERVE**

**CITATION**

**DC-20-02928**

**DOROTHY E. VEACH**
Vs.
**KROGER TEXAS L.P.**

ISSUED THIS
**25th day of February, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
JAMES L BAUGUSS, III
BEN ABBOTT AND ASSOCIATES PLLC
1934 PENDLETON DRIVE
GARLAND TX  75041
972-263-5555
eService@benabbott.com

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

## OFFICER'S RETURN

**\*\* SEE ATTACHED\*\***
**\*\*\*AFFIDAVIT\*\*\***

Case No. :  DC-20-02928

Court No.14th District Court

Style: DOROTHY E. VEACH

 Vs.

KROGER TEXAS L.P.

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed

at _____, within the County of _____ at _____ o'clock _____.M.

on the _____ day of_____, 20_____, by delivering to the within

named _____

_____

Each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of _____County, _____ |  |
| For Notary | $_____ | by _____Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____before me this _____day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public _____County_____

**Thursday, March 5, 2020**

<u>**Statement of Cost**</u>
**Special Delivery Service, Inc.**
**5470 LBJ Frwy, Dallas, TX 75240**
**Phone: (214) 866-3270 • Fax: (214) 866-3275**

**CAUSE NO. <u>DC-20-02928</u>**

| | | |
|---|---|---|
| **DOROTHY E. VEACH,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **VS.** | § | **14TH JUDICIAL DISTRICT** |
| | § | |
| **KROGER TEXAS L.P.,** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

The below costs are those incurred up to and including Thursday, March 5, 2020 on KROGER TEXAS L.P., our job #0650314, Client Reference #263306.

Process Serving                                    $ 68.00

**Total Cost To Date:**                       $ 68.00

# EXHIBIT 4

**Exhibit 4**

FILED
3/27/2020 3:25 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Temieka Davis DEPUTY

Case 3:20-cv-03625-L   Document 1-2   Filed 12/11/20   Page 20 of 45   PageID 27

CAUSE NO. DC-20-02928

| | | |
|---|---|---|
| DOROTHY E. VEACH, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT'S ORIGINAL ANSWER**

---

COMES NOW Defendant Kroger Texas L.P. (hereafter "Defendant"), files its Original Answer, and, in support thereof, would respectfully show the Court as follows:

**I.**
**GENERAL DENIAL**

1. Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

**II.**
**DEFENSES**

2. Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

3. Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing Plaintiff's alleged damages, if any. Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's alleged damages, if any, as

Plaintiff should have kept a proper lookout for her own safety and avoided the alleged unreasonably dangerous condition.

4.      To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6.      Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

7.      Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

8.      Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

9.      Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

10.     Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

11.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

12.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### PRAYER

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on March 27, 2020.

/s/ B. Kyle Briscoe
B. Kyle Briscoe

# EXHIBIT 5

**Exhibit 5**

CAUSE NO. DC-20-02928

| | |
|---|---|
| DOROTHY E. VEACH,<br>          Plaintiff, | IN THE DISTRICT COURT |
| v. | 14TH JUDICIAL DISTRICT |
| KROGER TEXAS L.P.,<br>          Defendant. | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF INTENT TO USE DISCOVERY AGAINST DEFENDANT PURSUANT TO TEX. R. CIV. P. 193.7

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF DOROTHY E. VEACH ("Plaintiff") in the above styled and numbered cause of action, and by and through the undersigned attorney  files this Notice of Intent to Use Discovery Against Defendant pursuant to Texas Rule of Civil Procedure 193.7.

Plaintiff intends to use documents and tangible things produced by Defendant KROGER TEXAS L.P..  Said documents may be used against Defendant KROGER TEXAS L.P. in all pretrial proceedings and at time of trial against Defendant KROGER TEXAS L.P..

Respectfully submitted,

/s/ James Bauguss III

_____
James Bauguss III
State Bar No. 24045463
Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, TX 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Notice of Intent to Use Discovery Against Defendant(s) Pursuant to Tex. R. Civ. P. 193.7   was served in accordance with Rule 21 of the Texas Rules of Civil Procedure on all counsel of record and/or pro se parties on this 27th day of May, 2020.

/s/ James Bauguss III
_____
James Bauguss III

# EXHIBIT 6

**Exhibit 6**

FILED
8/27/2020 12:27 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Loaidi Grove DEPUTY

Case 3:20-cv-03625-L   Document 1-2   Filed 12/11/20   Page 28 of 45   PageID 35

CAUSE NO. DC-20-02928

| | | |
|---|---|---|
| DOROTHY E. VEACH, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 14TH JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant files this Demand for Jury Trial in the above-referenced matter, and respectfully shows the Court as follows:

**I.**

Defendant asserts its right to a trial by jury under Texas Constitution Article 1, section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.

**II.**

Defendant tenders the jury fee of $40.00, as required by the Texas Government Code and the Dallas County District Clerk.

**III.**

Defendant requests the Court grant a jury trial in this case, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,


*/s/ Hope Zimlich Miranda*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on August 27, 2020.


*/s/ Hope Zimlich Miranda*
**Hope Zimlich Miranda**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Hope Miranda on behalf of Hope Miranda
Bar No. 24084146
hmiranda@peavlerbriscoe.com
Envelope ID: 45751325
Status as of 8/27/2020 3:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JAMES LBAUGUSS, III | | eService@benabbott.com | 8/27/2020 12:06:28 PM | SENT |
| Joy Rose | | JRose@PeavlerBriscoe.com | 8/27/2020 12:06:28 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 8/27/2020 12:06:28 PM | SENT |
| Kyle Briscoe | | kbriscoe@peavlerbriscoe.com | 8/27/2020 12:06:28 PM | SENT |
| Hope Miranda | | hmiranda@peavlerbriscoe.com | 8/27/2020 12:06:28 PM | SENT |

# EXHIBIT 7

**Exhibit 7**

CAUSE NO. DC-20-02928

| | |
|---|---|
| DOROTHY E. VEACH,<br>Plaintiff | IN THE DISTRICT COURT |
| v. | 14th JUDICIAL DISTRICT |
| KROGER TEXAS L.P.,<br>Defendant | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO
## DEFENDANT'S FIRST SET OF ADMISSIONS

TO:   Defendant, Kroger Texas L.P., by and through attorney of record, Kyle Briscoe, Peavler Briscoe, 2215 Westgate Plaza, Grapevine, TX 76051.

COMES NOW, Plaintiff, Dorothy Veach, and files these Objections and Answers to Defendant's First Set of Admissions, as follows:

**REQUEST FOR ADMISSION NO. 1:**   Admit that You have no personal knowledge regarding the specific amount of time that the Liquid on the Floor was on the floor before Your fall.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 2:**   Admit that You are aware of no eyewitnesses who saw the Liquid on the Floor before Your fall.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 3:**   Admit that You are aware of no Photographs of the Liquid on the Floor that were taken before Your alleged fall.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 4:**   Admit that You are aware of no Photographs of the Liquid on the Floor that were taken immediately after Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 5:**   Admit that You are seeking damages in excess of $75,000, exclusive of interest and costs.

**RESPONSE:**
Plaintiff can neither admit or deny because Plaintiff does not know.

**REQUEST FOR ADMISSION NO. 6:**   Admit that You do not know the source of the Liquid on the Floor that You claim caused Your fall.

**RESPONSE:**

DENY

**REQUEST FOR ADMISSION NO. 7:**      Admit that You were wearing flip-flops at the time of the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 8:**    Admit that the Liquid on the Floor was leaking from a case of Topo Chico that had been left by another customer on the floor.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 9:**    Admit that the Liquid on the Floor was leaking from a case of Topo Chico that was left on the floor in the aisle where the Incident in Question occurred.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 10:**    Admit that You had gotten a case of Topo Chico off the shelf prior to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 11:**    Admit that You do not know who left the leaking case of Topo Chico on the floor in the aisle where the Incident in Question occurred.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 12:**    Admit that the Liquid on the Floor was leaking from a case of Topo Chico.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 13:**    Admit that no Kroger employee put the Liquid on the Floor that You claim caused Your fall.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 14:**    Admit that no Kroger employee spilled the Liquid on the Floor that You claim caused Your fall.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 15:**    Admit that no Kroger employee caused the Liquid on the Floor that You claim caused Your fall to actually be on the floor.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 16:**   Admit that You have no personal knowledge regarding whether the Liquid on the Floor was there more than 10 minutes before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 17:**   Admit that You have no personal knowledge regarding whether the Liquid on the Floor was there more than 20 minutes before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 18:**   Admit that You have no personal knowledge regarding whether the Liquid on the Floor was there more than 30 minutes before Your fall.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 19:**   Admit that You are aware of no witnesses who have personal knowledge  regarding whether the Liquid on the Floor was there more than 10 minutes before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 20:**   Admit that You are aware of no witnesses who have personal knowledge regarding whether the Liquid on the Floor was there more than 20 minutes before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 21:**   Admit that You are aware of no witnesses who have personal knowledge regarding whether the Liquid on the Floor was there more than 30 minutes before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 22:**   Admit that You are not aware of any statements by any Kroger employee (whether made before or after the Incident in Question) that he or she was aware that the Liquid on the Floor was on the floor before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 23:**   Admit that You did not notice any footprints (other than perhaps Your own) through the Liquid on the Floor that You claim caused Your fall.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 24:**   Admit that You have no personal knowledge regarding how much time elapsed between the time a Kroger employee last inspected the area in which You fell and the time that You fell.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 25:**   Admit that You have no personal knowledge regarding how much time elapsed between the time a Kroger employee last inspected the area in which You fell and the time that the Liquid on the Floor appeared on the floor.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 26:**   Admit that no one witnessed Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 27:**   Admit that Kroger had no actual knowledge of the alleged Liquid on the Floor before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 28:**   Admit that You have no evidence that Kroger had actual knowledge of the alleged Liquid on the Floor before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 29:**   Admit that Kroger had no constructive knowledge of the alleged Liquid on the Floor before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 30:**   Admit that You have no evidence that Kroger had constructive knowledge of the alleged Liquid on the Floor before Your fall.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 31:**   Admit that You sustained personal injuries to your right knee prior to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 32:**   Admit that You sustained personal injuries to Your left knee from prior to and unrelated to the Incident in Question.

**RESPONSE:**

DENY

**REQUEST FOR ADMISSION NO. 33:**     Admit that You sustained personal injuries to Your right arm prior to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 34:**     Admit that You sustained personal injuries to Your right wrist prior to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 35:**     Admit that You sustained personal injuries to Your left wrist prior to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 36:**     Admit that You sustained personal injuries to your right knee subsequent to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 37:**     Admit that You sustained personal injuries to Your left knee subsequent to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 38:**     Admit that You sustained personal injuries to Your right arm subsequent to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 39:**     Admit that You sustained personal injuries to Your right wrist subsequent to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 40:**     Admit that You sustained personal injuries to Your left wrist subsequent to and unrelated to the Incident in Question.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 41:**     Admit You are not eligible for Medicare benefits.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 42:**   Admit You are not eligible for Medicaid benefits.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 43:**   Admit You have not received Medicare benefits for the injuries You sustained related to the Incident in Question.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 44:**   Admit You have not received Medicaid benefits for the injuries You sustained related to the Incident in Question.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 45:**   Admit You have not applied for Social Security Disability benefits.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 46:**   Admit  You  are not currently receiving Social Security Disability benefits.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 47:**   Admit You have not been denied Social Security Disability benefits.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 48:**   Admit You have not appealed a denial of Social Security Disability benefits.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 49:**   Admit Medicare and/or Medicaid has made no conditional payment for any medical expenses or prescriptions related to injuries You sustained as a result of the Incident in Question.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 50:**   Admit You are not, nor have You ever been, a Medicare beneficiary.

**RESPONSE:**

ADMIT

**REQUEST FOR ADMISSION NO. 51:**   Admit You are not, nor have You ever been, a Medicaid beneficiary.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 52:**   Admit You do not expect to become eligible for Medicare and/or Medicaid benefits within the next 30 months.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 53:**   Admit  no  liens, including liens for medical treatment by hospitals, physicians, medical providers, insurance carriers, or third-party payors of any kind, have been filed for the treatment of injuries, if any, sustained as a result of the Incident in Question.

**RESPONSE:**
ADMIT

**REQUEST FOR ADMISSION NO. 54:**    Admit You have filed for bankruptcy within the last two (2) years.

**RESPONSE:**
DENY

**REQUEST FOR ADMISSION NO. 55:**   Admit You have been involved in bankruptcy proceedings within the last two (2) years.

**RESPONSE:**
DENY

Respectfully submitted,

James Bauguss III
State Bar No. 24045463
Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, TX 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Plaintiff's Objections and Answers to Defendant's First Set of Admissions was forwarded to all counsel of record in accordance with Rules 21 & 21a of the Texas Rules of Civil Procedure on this 22nd day of July, 2020.

_____
James Bauguss III

# EXHIBIT 8

**Exhibit 8**



**Hope Zimlich Miranda**
hmiranda@peavlerbriscoe.com
817-756-7701

**December 3, 2020**

**Via Electronic Service**
James Bauguss III
Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, Texas 75041

   Re: Cause No. DC-20-02928; *Dorothy E. Veach v. Kroger Texas L.P.*; In the 14th
      Judicial District Court, Dallas County, Texas

Dear Counsel:

  I hope this finds you well.  This letter is intended to serve as a proposed stipulation regarding damages, in order for Defendant to evaluate the amount in controversy in the above-named lawsuit.

  On February 21, 2020, Plaintiff filed her Original Petition in the 14th District Court, Dallas County, Texas, seeking to recover monetary damages from Defendant, to include amounts for past and future: medical expenses, physical pain, mental anguish, and physical impairment.

  Plaintiff's Original Petition asserts that the amount in controversy is $100,000 or less. However, that does not make clear whether Plaintiff is seeking damages in an amount of $75,000 or less. In order to clarify same, Defendant propounded a Request for Admission, requesting that Plaintiff admit that she is seeking damages in an amount of $75,000 or less. Plaintiff responded by stating as follows: "Plaintiff can neither admit or deny because Plaintiff does not know."

  As such, Defendant is unable to determine whether Plaintiff seeks recovery from Defendant in excess of $75,000, exclusive of interest and costs, as is the amount-in-controversy threshold for removal. Consequently, in order for Defendant to ascertain the actual amount in controversy, Defendant respectfully requests that Plaintiff stipulate that she is not seeking, and she ***will not amend her Petition in the future to seek***, damages in excess of $75,000, exclusive of interest and costs.

  Further, Defendant respectfully requests that Plaintiff stipulate that in the event a jury awards her more than $75,000 in damages, Plaintiff agrees and stipulates to a remittitur that establishes the total damages awarded to Plaintiff will be capped at $75,000, exclusive of interest and costs.



Page 2

If the above stipulations are agreeable, please sign below where indicated and return this letter agreement to my attention as soon as possible.  If we do not hear back from you by **December 10, 2020**, we will assume that Plaintiff refuses to stipulate.

Please be advised that case law within the Fifth Circuit supports the argument that a plaintiff's refusal to stipulate that she will not amend her petition or otherwise limit her recovery to $75,000, exclusive of interest and costs, will establish by a preponderance of the evidence that the plaintiff's claim is removable under 28 U.S.C. §§ 1332, 1441 and 1446.  Accordingly, if Plaintiff fails and refuses to enter this stipulation, we intend to use such failure and refusal to establish that the amount in controversy actually exceeds $75,000, exclusive of interest and costs.

I hope that the above has provided you with sufficient information to address this matter. In the event that you should need anything else, or if you have any questions or concerns, please do not hesitate to contact me.

With kindest regards,

_____

Hope Zimlich Miranda
**Attorney for Defendants**

STIPULATED & AGREED:

_____

James Bauguss III
**Attorney for Plaintiff**

# EXHIBIT 9

**Exhibit 9**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DOROTHY E. VEACH, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| KROGER TEXAS L.P. | § | |
| Defendant. | § | JURY DEMANDED |

## AFFIDAVIT OF HOPE ZIMLICH MIRANDA

**STATE OF TEXAS** §
§
**COUNTY OF TARRANT** §

BEFORE ME, the undersigned authority, on this day, personally appeared HOPE ZIMLICH MIRANDA, who, after being duly sworn by me, on her oath deposed and testified as follows:

1. "My name is Hope Zimlich Miranda. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or a misdemeanor involving a crime of moral turpitude, and I am fully capable of making this affidavit. The facts stated herein are true and correct and within my personal knowledge."

2. "I am an attorney with PEAVLER|BRISCOE and am licensed to practice law in the State of Texas. I am an attorney of record for Defendant in the above-entitled and numbered cause (this 'Lawsuit')."

3. "A proposed stipulation letter was electronically served on Plaintiff's counsel on December 3, 2020. That letter included a deadline of December 10, 2020 for Plaintiff to respond."

4.   "As of the time of signing this affidavit, Plaintiff has failed to respond to Defendant's proposed stipulation letter in any way. Likewise, Plaintiff has failed to serve amended discovery responses or an amended pleading clarifying the amount of damages sought in this lawsuit."

Executed in Tarrant County, State of Texas, on the 11th day of December, 2020.

_____
Hope Zimlich Miranda

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 11th day of December, 2020.

> ELIZABETH CONTRERAS
> Notary Public, State of Texas
> Comm. Expires 02-06-2024
> Notary ID 129335398

_____
Notary Public, in and for the State of Texas

- 2 -