# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DOROTHY E. VEACH, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:20-CV-3625-L** |
| KROGER TEXAS, L.P., | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Amended Motion to Remand (Doc. 9), filed December 30, 2020. After careful consideration of the motion, response,[*] record, and applicable law, the court **remands** this action to the 14th Judicial District Court of Dallas County, Texas, not because the removal was untimely, but because diversity jurisdiction has not been established by Defendant Kroger Texas, L.P., and the action, therefore, is not removable.

**I.   Procedural Background**

Dorothy E. Veach ("Plaintiff" or "Ms. Veach") originally filed this action on February 21, 2020, against Kroger Texas, L.P. ("Defendant" or "Kroger") in the 14th Judicial District Court of Dallas County, Texas. Ms. Veach contends in Plaintiff's Original Petition ("Petition") that she was injured in a Kroger's store located at 4142 Cedar Springs Road, Dallas, Texas, on September 19, 2019, when she slipped and fell on water left on the floor in an aisle of the store. *Id*. at 2, ¶ 6. She sued under a theory of premises liability. Ms. Veach contends that she "suffered severe physical injuries," and she seeks damages for "a. [p]hysical pain and mental anguish in the past and future; b. [m]edical expenses in the past and future; and c. [p]hysical impairment." *Id*. at 3, ¶

---

[*] Plaintiff Dorothy E. Veach did not file a reply to Kroger Texas, L.P.'s response.

**Memorandum Opinion and Order – Page 1**

11(a.-c.). In her Petition, she seeks" [o]nly monetary relief over $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees .…" *Id*. ¶ 12(d).

At the time Plaintiff's Petition was filed, Texas Rule of Civil Procedure 47(c) provided that, "except for suits governed by the Family Code," the original pleading must contain "a statement that the party seeks" the following:

(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
(2) monetary relief of $100,000 or less and non-monetary relief; or
(3) monetary relief over $100,000 but not more than $200,000; or
(4) monetary relief over $200,000 but not more than $1,000,000 or
(5) monetary relief over $1,000,000 ….

*Id*. The confusing and contradictory language used by Ms. Veach falls into none of these categories. Thus, it was unclear at the time she filed her Petition whether the amount in controversy exceeded $75,000, exclusive of interest and costs.

Because of the confusing language used by Plaintiff, Kroger attempted to determine whether she sought damages in excess of $75,000, which is the jurisdictional threshold for diversity jurisdiction. To determine whether Plaintiff was seeking in excess of $75,000, Kroger sent Plaintiff a request for admissions to admit that she was "seeking damages in excess of $75,000, exclusive of interest and costs." Def.'s App. 007. In response, Ms. Veach, stated, "Plaintiff can neither admit [n]or deny because Plaintiff does not know." *Id*. This response or answer was made on July 22, 2020.

After several months of discovery had occurred, on December 3, 2020, Defendant sent a letter that included a proposed stipulation to Plaintiff's counsel. The letter includes in pertinent part the following language:

> On February 21, 2020, Plaintiff filed her Original Petition in the 14th District Court, Dallas County, Texas, seeking to recover monetary damages from Defendant, to include amounts for past and future: medical expenses, physical pain, mental anguish, and physical impairment.
>
> Plaintiff's Original Petition asserts that the amount in controversy is [over] $100,000 or less. However, that does not make clear whether Plaintiff is seeking damages in an amount of $75,000 or less. In order to clarify same, Defendant propounded a Request for Admission, requesting that Plaintiff admit that she is seeking damages in an amount of $75,000 or less. Plaintiff responded by stating as follows: "Plaintiff can neither admit or deny because Plaintiff does not know."
>
> As such, Defendant is unable to determine whether Plaintiff seeks recovery from Defendant in excess of $75,000, exclusive of interest and costs, as is the amount-in-controversy threshold for removal. Consequently, in order for Defendant to ascertain the actual amount in controversy, Defendant respectfully requests that Plaintiff stipulate that she is not seeking, and she ***will not amend her Petition in the future to seek***, damages in excess of $75,000, exclusive of interest and costs.
>
> Further, Defendant respectfully requests that Plaintiff stipulate that in the event a jury awards her more than $75,000 in damages, Plaintiff agrees and stipulates to a remittitur that establishes the total damages awarded to Plaintiff will be capped at $75,000, exclusive of interest and costs.
>
> If the above stipulations are agreeable, please sign below where indicated and return this letter agreement to my attention as soon as possible. If we do not hear back from you by **December 10, 2020**, we will assume that Plaintiff refuses to stipulate.
>
> Please be advised that case law within the Fifth Circuit supports the argument that a plaintiff's refusal to stipulate that she will not amend her petition or otherwise limit her recovery to $75,000, exclusive of interest and costs, will establish by a preponderance of the evidence that the plaintiff's claim is removable under 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, if Plaintiff fails and refuses to enter this stipulation, we intend to use such failure and refusal to establish that the amount in controversy actually exceeds $75,000, exclusive of interest and costs.

*Id*. at 1-2. When Plaintiff's counsel did not respond to the letter by December 10, 2020, Kroger removed the state court action to federal court on December 11, 2020. As the removal was effected within 30 days of the deadline set forth in the letter, Kroger contends that the removal was timely

and that the court should not remand the action to state court because the refusal of Plaintiff to stipulate established that the jurisdictional threshold had been met.

This action should be remanded but not because it was untimely removed to federal court, as asserted by Ms. Veach. Also, it should not remain in federal court, as the amount in controversy was not established by Kroger at the time of removal—or at the time Plaintiff's counsel did not respond to the proposed stipulation in December 2020—and, therefore, the court lacks jurisdiction to hear this action. In other words, this action should not have been removed to federal court.

## II.     Jurisdiction of Federal Courts

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The parties do not dispute that there is complete diversity of citizenship between the parties. Moreover, the court expressly determines that Ms. Veach is a citizen of Texas, and Kroger is a citizen of Ohio and that complete diversity, therefore, exists. As none of the parties shares the same citizenship, the court turns its attention to whether the amount-in-controversy requirement has been met.

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

In a removed case, when the complaint or pleading does not state a specific amount of damages and the allegations are challenged by the plaintiff or questioned by the court, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. In such cases, "[t]he preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

In making this assessment, a district court may apply a "common sense" approach. *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

The common-sense approach has been used by the Fifth Circuit since *Allen* in removed cases to determine whether the jurisdictional amount has been satisfied. In a removed case, the defendant has the burden of establishing jurisdiction. When no specific amount is alleged in the pleadings, a defendant must show that the amount in controversy exceeds $75,000. This requisite

**Memorandum Opinion and Order – Page 6**

showing may be done "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)). In additional to *Allen*, the Fifth Circuit has also used the common-sense approach to conclude that it was "facially apparent" from the complaint that the damages sought exceeded the jurisdictional minimum in *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), and *Luckett*, 171 F.3d at 298. *Allen, Luckett,* and *Gebbia* were all cases in which the plaintiffs sought remand, and the court held that by applying common sense and experience it was "facially apparent" that the damages alleged or sought in the complaint would satisfy the jurisdictional minimum. Remand was denied in all three cases.

This same principle works in reverse when a defendant fails to show more likely than not that the jurisdictional threshold has been satisfied. In *Simon v. Wal-Mart Stores, Inc.*, the Fifth Circuit held that a defendant seeking to remove a case to federal court must "produce information, through factual allegations or an affidavit, sufficient to show" that the amount in controversy met the jurisdictional threshold at the time of removal. 193 F.3d 848, 851 (5th Cir. 1999) (citation omitted).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the

case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Discussion

Kroger initially did exactly what it should have done to determine whether Plaintiff sought more than $75,000 in damages. This is so because Plaintiff filed a threadbare pleading insofar as the allegations relating to her alleged injuries and the damages she seeks. The problem is that Defendant did not diligently pursue the amount-in-controversy requirement, as the resolution of this issue remains unsettled. As of this date, there is insufficient evidence in the record for the court to reasonably infer or conclude that the jurisdictional threshold has been met.

At least two reasons exist why the matter remains unresolved: the threadbare pleadings in Plaintiff's Petition and the failure to conduct adequate discovery to determine whether the amount in controversy exceeds $75,000. Plaintiff's Petition is totally devoid of any meaningful allegations regarding the extent of her alleged injuries. She merely asserts that she "suffered severe physical injuries" as a result of the slip and fall. There is no description of her injuries whatsoever. Ms. Veach does not allege that she has had any surgeries because of her injuries; does not set forth the amount of any medical expenses that she has incurred or is likely to incur in the future; has not set forth the frequency of her visits to the doctor or the kind of medical treatment she has undergone; has not set forth any amount for lost wages or reduced earning capacity; and has not set forth any allegations describing her alleged disfigurement.

In sum, nothing is set forth in the Petition, or otherwise, for the court to make a reasonable inference that the amount in controversy more likely than not exceeds $75,000. It is possible that the amount in controversy exceeds $75,000, but given the paucity of any specific allegations regarding the extent of her injuries and amount of damages, Kroger has not convinced the court

that Ms. Veach seeks an amount greater than $75,000. The jurisdictional threshold may not be met by the use of conclusory language or buzzwords as set forth in Plaintiff's Petition when there are no underlying allegations to support the amount in controversy, or when the record provides no specifics as to the amount of damages. To find that the jurisdictional amount has been met in this action under these circumstances would be sheer conjecture and speculations, and require the court to "wade into a briar patch of guesswork." Plaintiff's Petition does not on its face support diversity jurisdiction, and Kroger has not set forth sufficient, additional facts or allegations to support such jurisdiction.

The court now addresses why further efforts of Kroger fall short of establishing the jurisdictional threshold. First, while the request for admission was a good start, it did not yield the information Kroger sought because Ms. Veach responded that she could not admit or deny that she was seeking more than $75,000 because she did not know. Thus, the answer given by Ms. Veach does nothing to assist the court in determining whether the amount in controversy exceeds $75,000.

Second, the letter Kroger's counsel sent to Plaintiff's counsel does not establish that the jurisdictional threshold has been met. As previously stated, Ms. Veach's counsel did not respond to the letter by the deadline therein set forth. The failure to stipulate is to be considered by the court in determining whether the jurisdictional threshold has been met, but it "alone is not reason to deny remand." *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394, (N.D. Tex. 1993).

Third, Kroger's "other paper" argument lacks merit. This argument is based on the procedure that a defendant must follow as set forth in 28 U.S.C. § 1446. As this case was not initially removable based on Plaintiff's Petition, the following section of the statute controls:

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that
the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). "'[O]ther paper' must result from the voluntary act of a plaintiff [that] gives the defendant notice of the changed circumstances [that] now support federal jurisdiction." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (citation omitted). The court determines that an unanswered letter by Kroger's counsel does not constitute a voluntary act of Ms. Veach. *See Russell v. Home State Cnty. Mut. Ins. Co.*, 244 F. Supp. 669, 672 (E.D. La. 2003) (holding that the plaintiff's "failure to act or respond [to defense counsel's letter] cannot have the effect of transforming defense counsel's letter into 'other paper.'"). *See also McCauley v. The Kroger Co.*, Civil Action No. 3:19-CV-2673-D, 2020 WL 208816, at *4 (N.D. Tex. Jan. 14, 2020) (same); and *Certified Pressure Testing, LLC v. Markel Am. Ins. Co.*, Civil Action No. 3:20-CV-2783-S, 2021 WL 674124, at *3 (N.D. Tex. Feb. 21, 2021) (same). Moreover, the court could not find, and Kroger has not cited, any case from the Fifth Circuit that a party's silence or inaction transforms a one-sided correspondence into "other paper" that now supports federal jurisdiction and makes the action removable. For the reasons stated, Kroger's "other paper" argument fails. As serious doubts exist with respect to the propriety of the removal by Kroger, remand is mandatory. *See Manguno*, 276 F.3d at 723.

IV. **Conclusion**

For the reasons herein set forth, the court determines that Defendant did not establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. The court, therefore, lacks subject matter jurisdiction to entertain this action, and it must be remanded. Accordingly, the court **directs** the clerk of court to **remand** this action to the 14th Judicial District Court of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure. As this court lacks jurisdiction to entertain this action, it **declines** to rule on Defendant's Motion

for Summary Judgment (Doc. 4) and Defendant's Motion to Strike Plaintiff's Affidavits Ostensibly Served Pursuant to Texas Civil Practice and Remedies Code Section 18.001 (Doc. 18) because it lacks jurisdiction to rule on these motions. Moreover, neither motion assists the court in determining whether the amount-in-controversy requirement had been met at the time of removal in December 2020.

**It is so ordered** this 29th day of April, 2021.

Sam A. Lindsay
United States District Judge